[704 NYS2d 25]

In the Matter of DAVID W. BARGMAN (Admitted as DAVID WILLIAM BARGMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 22, 2000

### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Sarah Diane McShea* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, David W. Bargman, was admitted to the

practice of law in the State of New York by the Second Judicial Department on April 11, 1979. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves pursuant to 22 NYCRR 605.15 (e) (1) for an order imposing a sanction which this Court deems just and appropriate. Respondent cross-moves for an order confirming the Hearing Panel's determination with respect to the charges and for a sanction no greater than the Hearing Panel's recommendation of a one-year suspension.

In January 1997, respondent's aunt, Florence Bailin, retained respondent to represent her in the sale of a cooperative apartment located in Yonkers. The purchasers, Frances and Norman Amundson, entered into a contract with Bailin to purchase the property. Pursuant to that contract, on or about January 23, 1997, the Amundsons gave respondent $14,000 to hold in escrow until the closing, which was scheduled for February 17, 1997. The same date, respondent deposited these funds into his IOLA account.

Shortly thereafter, respondent requested of Bailin that she loan him the $14,000 down payment which was being held in his IOLA account and Bailin consented. Respondent did not contact the Amundsons or their attorney to request their authorization to use the funds prior to the closing. Thereafter, the closing date was adjourned to and took place on February 28, 1997.

The Departmental Disciplinary Committee initiated a *sua sponte* investigation based upon an April 8, 1997 letter from the Lawyers' Fund for Client Protection whereby Chase Manhattan notified the Fund that a check issued from respondent's IOLA account in the amount of $3,525 had been dishonored due to insufficient funds. It came to light that between January 28, 1997 and February 4, 1997, respondent issued three checks from his IOLA account totaling $9,550. Another check in the amount of $3,220 issued to respondent's former wife had been negotiated on March 6, 1997.

A hearing was conducted before a Referee on January 15 and 27, 1999. By a report and recommendation dated March 29, 1999, the Referee sustained all charges and recommended that respondent be suspended for three years. By a determination dated June 17, 1999, a Hearing Panel disaffirmed the Referee's decision to sustain Charge one, alleging intentional conversion in violation of Code of Professional Responsibility

DR1-102 (a) (4) (22 NYCRR 1200.3) and dismissed that charge. The Panel found that the Committee had failed to prove that respondent acted with "venal intent". The Hearing Panel credited respondent's testimony that he honestly believed that his aunt's permission to remove monies from the escrow fund was sufficient. The Panel sustained the remaining charges and recommended a one-year suspension.

We agree with the Hearing Panel's finding that the Committee failed to prove venal intent as required to sustain a violation of DR 1-102 (a) (4), and respondent's misjudgment was "an aberration, and not deliberate and intentional deception." We also agree that a departure from the usual sanction of disbarring an attorney for intentional conversion is warranted. Given the existence of mitigating factors in the record, we find that a suspension of three months is appropriate. Respondent has practiced law for 20 years without any disciplinary history. Over the last two years, respondent was appointed and acted as a court-appointed Referee in mortgage foreclosure actions on behalf of parties to litigation and has maintained funds pursuant to that position without any incident. Moreover, he has fully cooperated with the Committee's investigation and volunteered to have his escrow accounts monitored during the pendency of this proceeding and had no recurrence of problems with escrow funds. The funds herein were converted for a short (one-month) period of time, and there was no harm to any of the parties.

Accordingly, the Committee's petition and respondent's cross motion should be granted to the extent of suspending respondent from the practice of law for a period of three months.

TOM, J. P., WALLACH, LERNER, SAXE and BUCKLEY, JJ., concur.

Petition and cross motion granted to the extent of confirming the determination of the Hearing Panel, as indicated, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three months, effective March 23, 2000.